993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Manuel HEREDIA-QUIROZ, Defendant-Appellant.
 No. 92-10521.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 17, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Manuel Heredia-Quiroz appeals his conviction following a conditional guilty plea to transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Heredia-Quiroz contends the district court erred by denying his motion to suppress evidence because Border Patrol Agent Gomez lacked founded suspicion to stop the vehicle Heredia-Quiroz was driving. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error the district court's factual findings and de novo whether those facts provide founded suspicion to justify an investigatory stop of a vehicle. United States v. Santamaria-Hernandez, 968 F.2d 980, 983 n. 3 (9th Cir.1992).
 
 
 4
 The Fourth Amendment prohibits an officer from stopping a vehicle without founded suspicion of criminal conduct at the time of the stop. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). "The determination whether founded suspicion existed must be based on 'the totality of the circumstances--the whole picture.' " Santamaria-Herndandez, 968 F.2d at 983 (footnote omitted) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). " '[T]he detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." Id. (quoting Cortez, 449 U.S. at 417-18); see also Salinas, 940 F.2d at 394 ("Founded suspicion exists when an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime."). "The facts are to be interpreted in light of a trained officer's experience." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 Here, Agent Gomez testified to the following facts at the suppression hearing. At approximately 8:30 at night, while observing a store parking lot located approximately fifty feet from the international border with Mexico and notorious for being a pickup point for illegal aliens, Agent Gomez noticed a brown Chevrolet station wagon parked in the lot. His attention was drawn to the car because it was parked in a dark corner of the otherwise well-lit parking lot. Agent Gomez could see two persons silhouetted inside the car. Agent Gomez then saw a third person approach the car and get in. He watched the car drive to a nearby gas station. Suspecting that the occupants of the car might be involved in alien smuggling, Agent Gomez drove one mile north on the main highway and concealed his patrol vehicle at a three-way intersection to see if the station wagon would drive past his position.
 
 
 6
 Within about fifteen minutes, Agent Gomez saw the same brown station wagon driving northbound along the highway at approximately 15-20 miles per hour in a 50 or 55 mile per hour zone. The station wagon stopped short of Agent Gomez' position, executed a u-turn, and pulled off of the highway facing southward. Using binoculars, Agent Gomez saw one of the passengers get out of the station wagon. This person whistled into the desert two or three times. Agent Gomez did not see anyone come out of the desert and get into the car. After the passenger got back into the station wagon, it drove northbound past Agent Gomez's position and then executed another u-turn, driving southbound past Agent Gomez again.[1]
 
 
 7
 At this point, Agent Gomez concluded that the occupants of the station wagon were looking for a load of illegal aliens. Agent Gomez decided to wait and see if the vehicle came back northward again. Approximately fifteen minutes later, Agent Gomez saw a station wagon driving northbound and pulled out behind it. He stopped the station wagon and realized it was the wrong vehicle as soon as he saw that it was a lighter color than the station wagon he had observed earlier. After confirming the identities of the wagon's occupants, Agent Gomez headed south towards the border, hoping to spot the brown station wagon again. He spotted the wagon travelling northbound on the highway, noticing that it appeared to be carrying a heavy load and that there were more occupants in it than the previous time he had seen it. Agent Gomez made a u-turn and followed the station wagon for a short period of time before initiating his investigatory stop. As a result of this investigatory stop, Agent Gomez discovered that Heredia-Quiroz was transporting illegal aliens.
 
 
 8
 In this case, the "whole picture" provides sufficient articulable facts to support a finding of founded suspicion. At the time of the stop, Agent Gomez had seen Heredia-Quiroz's station wagon parked in a dark area known as a pick-up point for illegal aliens. He later saw that same station wagon pull off the freeway and heard one of its occupants signal into the desert. The station wagon was then driven in a manner consistent with its occupants looking for something or someone in the desert near the freeway. Finally, when Agent Gomez saw the station wagon for the third time, it appeared to have more occupants than previously. In light of these facts, Agent Gomez had a reasonable suspicion that the occupants of the station wagon were engaged in the transport of illegal aliens. See Santamaria-Hernandez, 968 F.2d at 984. The fact that Agent Gomez mistakenly stopped the wrong station wagon before pulling over Heredia-Quiroz neither diminished nor enhanced the degree of reasonable suspicion he possessed with regard to the brown station wagon itself. Accordingly, the district court did not err by denying Heredia-Quiroz's motion to suppress evidence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Heredia-Quiroz's and the United States' requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Heredia-Quiroz claims that Agent Gomez never identified what type of vehicle he observed at this point in his narrative. We note, however, that the record clearly establishes that Agent Gomez identified this vehicle as a brown station wagon in response to a question asked during cross-examination by Heredia-Quiroz's counsel. Furthermore, in light of the evidence presented at the suppression hearing, we hold that the district court's finding that this station wagon was the same one as Agent Gomez earlier had observed in the parking lot was not clearly erroneous. See Santamaria-Hernandez, 968 F.2d at 983 n. 3